UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC RODNEY HILL,

                Plaintiff,

        -against-

WARDEN ERIC RICKARD, F.C.I.
OTISVILLE; MS. MYRNA BRIDGES,
ASSOCIATE WARDEN F.C.I. OTISVILLE;
F.C.I. OTISVILLE,

                Defendants.

26-CV-0901 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

Plaintiff, who is currently confined at F.C.I. Otisville and is proceeding *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendants violated his constitutional rights by failing to provide adequate treatment for his prostate cancer and interfering with his incoming and outgoing mail.

By Order dated February 6, 2026, ECF No. 5, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the following reasons, the Court dismisses the complaint, with 45 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

---

[1] On April 15, 2024, Plaintiff was barred, under 28 U.S.C. § 1915(g), from filing any new action IFP while incarcerated. *See Hill v. Government for the State of New York*, No. 24-CV-0371 (LTS) (S.D.N.Y. Apr. 15, 2024). Plaintiff sought to proceed IFP in this action and set forth allegations that he was in imminent danger of serious physical injury when he filed the complaint. Accordingly, on February 6, 2026, the Court granted Plaintiff's request to proceed IFP.

who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).  Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in the original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted) has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

A complaint states a claim for relief if the claim is plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555).  The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678.  After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id. at 679.*

## BACKGROUND

The following facts are drawn from the complaint.[2]  Plaintiff alleges "Defendants committed crimes against" him from October 2023 to the present.  Although he provides virtually no details, he asserts that Defendants have "allowed [his] prostate cancer to worsen and spread" for two and a half years and that he is "bleeding from his penis."  (ECF No. 1, at 5.) Plaintiff adds that "Defendants are watching and allowing [him] to slowly bleed to death."  (*Id*. at 8.)

Plaintiff also states that 85% of his "incoming and outgoing legal mail has been destroyed," but he does not attribute that fact to any named Defendant or any other person.  (*Id*.) Plaintiff also does not specify whether the destroyed mail was legal mail or general correspondence, or whether the mail was related to a pontentially valid cause of action.  (*Id*.)

Plaintiff seeks two million dollars in "actual damages," along with punitive damages. (*Id*. at 5.)

## DISCUSSION

### A.    Private Prosecution

Plaintiff alleges that Defendants committed crimes against him.  In making those allegations, Plaintiff appears to seek the criminal prosecution of Defendants.  Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

F.2d 81, 87 (2d Cir. 1972). "The decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Plaintiff lacks standing to cause the federal criminal prosecution of the Defendants. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 618-619 (1973).

To the extent that Plaintiff seeks to file a criminal action, the Court dismisses the complaint for lack of standing and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**B.      Medical Care Claims Under the Eighth Amendment**

Plaintiff alleges that Defendants violated his constitutional rights by allowing Plaintiff's prostate cancer to "worsen and spread." (ECF No. 1, at 5.) Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which is "the federal analog to suits brought against state officials under [ ] 42 U.S.C. § 1983," *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).[3]

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and

---

[3] Federal courts have analogized *Bivens* claims to those brought under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive a plaintiff of a federally protected right. Thus, caselaw from actions brought under Section 1983 may be used to address issues raised in *Bivens* cases. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51, 51 (2012) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

(2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). The Supreme Court has permitted a damages remedy against federal employees under *Bivens* in only three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971), (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). Recently, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017), and a *Bivens* remedy is not available "where there are 'special factors counselling hesitation in the absence of affirmative action by Congress,'" *Hernandez v. Mesa*, 582 U.S. 548, 553 (2017) (quoting *Carlson*, 446 U.S. at 18).

Under *Ziglar*, unless a *Bivens* claim bears some resemblance to one of the three types of *Bivens* claims previously recognized by the Supreme Court, a court must hold that the claim constitutes a new *Bivens* context. 582 U.S. at 140. More recently, the Supreme Court held that even if a court finds that a case presents "parallel circumstances" with the three prior cases recognizing a *Bivens* remedy, a court may not find a *Bivens* remedy unless it also decides that there is no rational reason to think that Congress is better equipped to create such a remedy. *See Egbert v. Boule*, 596 U.S. 482, 491-93 (2022) (holding in the context of a Fourth Amendment claim under *Bivens* that "superficial similarities are not enough to support the judicial creation of a cause of action").

Because, as discussed below, the Court is granting Plaintiff leave to replead his claims, the Court declines to decide the issue of whether Plaintiff has an implied cause of action under *Bivens* until after he files an amended complaint.

To establish a constitutional claim for inadequate medical care under the Eighth Amendment, a plaintiff must show that correction officials were deliberately indifferent to the plaintiff's serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Charles v. Orange Cnty.*, 925 F.3d 73, 82 (2d Cir. 2019). Courts evaluate deliberate indifference under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component of this standard requires that the alleged medical need be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (noting that the objective component contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain"). The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, a plaintiff must show that the defendants knew of and disregarded an excessive risk to the inmate's health or safety by failing to take reasonable measures to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 106; *Chance*, 143 F.3d at 703.

Although Plaintiff does allege that he has a sufficiently serious medical need, he fails to allege that either Defendant Rickard or Defendant Bridges acted with deliberate indifference to that serious medical need. Plaintiff provides no facts showing or suggesting that either Defendant Rickard or Defendant Bridges knew about his serious medical need and, once they

6

had that knowledge, that they failed to take reasonable measures to address the harm. If Plaintiff chooses to file an amended complaint, he must set forth facts showing that Defendants knew about his medical need, knew the risk that it posed to his health and safety, and failed to take reasonable measures to avoid or otherwise mitigate the harm.

Moreover, to state a claim under *Bivens*, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Ziglar*, 582 U.S. at 140-41; *Turkmen v. Hasty*, 789 F3d 218, 233 (2d Cir. 2015); *Perez v. Hawk*, 302 F. Supp. 2d 9, 19 (E.D.N.Y. 2004). A defendant may not be held liable under *Bivens* solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, to hold a federal official liable under *Bivens*, "a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing that Defendants were personally involved in denying him adequate medical care. Plaintiff's claims are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff chooses to file an amended complaint, he must set forth facts that would allow the Court to infer that Defendants themselves were personally involved in denying him adequate medical care or otherwise harming him. *See Tangreti*, 983 F.3d at 616 ("[F]or deliberate-indifference claims under the Eighth Amendment against a prison supervisor, the plaintiff must plead [ ] that the supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it.") (citing *Farmer*, 511 U.S. at 837).

7

**C.     Interference-With-Mail Claims Under the First Amendment**

Plaintiff alleges that unidentified persons have destroyed his incoming and outgoing mail. These types of claims are grounded in a prisoner's First Amendment rights to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977), *abrogated on other grounds*, *Lewis v. Casey*, 518 U.S. 343 (1996); *see Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).

Because Plaintiff alleges that federal officials violated his rights under the First Amendment, the Court construes these allegations as asserting a *Bivens* claim under the First Amendment. The Court must nevertheless dismiss that claim because the Supreme Court has "never held that *Bivens* extends to First Amendment claims," *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012), and the Second Circuit has "not recognized a *Bivens* action sounding in the First Amendment," *Zherka* v. *Ryan*, 52 F. Supp. 3d 571, 579 (S.D.N.Y. 2014); *see White v. Hess*, No. 14-CV-3339 (CBA) (LB), 2020 WL 1536379, at *6 (E.D.N.Y. Mar. 31, 2020) (dismissing a federal prisoner's *Bivens* claim under the First Amendment "because he has no *Bivens* right of action through which he can assert them"). Courts across the country have likewise concluded that that First Amendment claims brought by federal prisoners "are not cognizable under *Bivens*." *Jordan v. Barves*, No. 24-2030, 2024 WL 4579248, at *2 (3d Cir. Oct. 25, 2024); *see Vega v. United States*, 724 Fed.Appx. 536, 539 (9th Cir. 2018) (finding that the plaintiff's First Amendment claim under *Bivens* presented a new *Bivens* context, and dismissing the claim); *King v. Hill*, No. 21-CV-1719 (JPG), 2022 WL 3348789, at *4 (S.D. Ill. Aug. 12, 2022) (collecting cases and finding *Bivens* does not extend to First Amendment claims involving access to mail); *Free v. Peikar*, No. 17-CV-00159-AWI-MJS (PC), 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) (collecting cases). The Court therefore dismisses Plaintiff's First Amendment claims

related to interference with his mail, for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Defendant F.C.I. Otisville**

Plaintiff seeks to assert his medical-care and interference-with-mail claims against F.C.I. Otisville. Because F.C.I. Otisville is not an entity that can be sued in its own name, the Court liberally construes the complaint as asserting claims against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA").  The Court therefore substitutes the United States as a defendant, in place of F.C.I. Otisville, under Rule 21 of the Federal Rules of Civil Procedure. This substitution is without prejudice to any defenses that the United States may wish to assert.

The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment.  28 U.S.C. § 1346(b)(1). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. 28 U.S.C. § 2675(a); *see Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013).  Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual.  28 U.S.C. §§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)). The requirement that claims be presented to the agency for administrative exhaustion is "jurisdictional, [and] cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *see Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015) ("Failure to comply with [presentment] results in dismissal of the

9

suit."). Moreover, "[t]he burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

In the complaint, Plaintiff does not allege any facts suggesting that he exhausted his administrative remedies with the Bureau of Prisons or any other federal agency before commencing this action. Because the requirement to plead exhaustion of administrative remedies under the FTCA is jurisdictional in nature, and because Plaintiff failed to allege that he exhausted his administrative remedies, this Court lacks jurisdiction of Plaintiff's FTCA claim. The Court therefore dismisses Plaintiff's FTCA claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). If Plaintiff intends to amend his complaint to assert an FTCA claim against the United States, he must named the United States as a defendant and allege facts showing that he completed the FTCA's administrative exhaustion process and timely commenced this action thereafter.

**E.      Leave to Amend Granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill*, 657 F.3d at 123-24; *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot conclude that it would be futile to grant Plaintiff leave to amend his complaint to state facts demonstrating valid claims, the Court grants Plaintiff 45 days' leave to amend his complaint to detail his claims.

10

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action.

## CONCLUSION

The Court dismisses all claims against Defendant F.C.I. Otisville.  The Clerk of Court is directed to substitute the United States as a defendant, in place of F.C.I. Otisville, under Rule 21 of the Federal Rules of Civil Procedure.

The Court dismisses Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), for failure to state a claim for relief, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

An amended complaint form is attached to this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    March 4, 2026
          New York, New York

                                            /s/ Kimba M. Wood
                                              KIMBA M. WOOD
                                          United States District Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name             Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State               Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Defendant 2:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Defendant 3:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Defendant 4:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 4

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____